**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000232**
**01-JUN-2011**
**08:38 AM**

NO. CAAP-10-0000232

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM W. CORLESS, JR., Plaintiff-Appellant
v.
WILLIAM W. CORLESS, SR.; et al., Defendants-Appellees,
and
DOES 1-10; DOE PARTNERSHIPS 1-10; et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0511)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record and Plaintiff-Appellant

William W. Corless, Jr.'s Motion to Dismiss filed on May 23,

2011, it appears that this court does not have jurisdiction over

Plaintiff-Appellant William W. Corless, Jr.'s (Appellant

Corless), appeal from the following two orders that the Honorable

Virginia Lee Crandall entered: (1) the November 24, 2010 "Order

Granting Defendant Reginauld T. Harris' Motion to Dismiss, or Alternatively Motion for Summary Judgment Filed on September 21, 2010" (the November 24, 2010 interlocutory order); and (2) the December 1, 2010 "Order Granting in Part and Denying in Part Defendant William W. Corless, Sr.'s Joinder in Defendant Reginauld T. Harris's Motion to Dismiss, or Alternatively Motion for Summary Judgment Filed on September 21, 2010 and Motion for Summary Judgment" (the December 1, 2010 interlocutory order). As explained below, neither the November 24, 2010 interlocutory order nor the December 1, 2010 interlocutory order is independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an

order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). The record on appeal for Appeal No. CAAP-10-0000232 was filed on February 10, 2011, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, neither the November 24, 2010 interlocutory order nor the December 1, 2010 interlocutory order is eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), neither the November 24, 2010 interlocutory order nor the December 1, 2010 interlocutory order satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the November 24, 2010 interlocutory order and the December 1, 2010 interlocutory order are not appealable orders.

Absent an appealable separate judgment, Appellant Corless's appeal is premature, and we lack appellate jurisdiction.

-3-

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction without prejudice to a subsequent appeal from an appealable judgment or order.

DATED: Honolulu, Hawai'i,  June 1, 2011.

Chief Judge

Associate Judge

Associate Judge